NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

KIMBERLY KAY FISHER, *Plaintiff/Appellant*,

*v.*

ANGELA FINCH, *Defendant/Appellee*.

No. 1 CA-CV 25-0910

FILED 07-20-2026

Appeal from the Superior Court in Maricopa County
No. CV2025-013937
The Honorable Mary C. Cronin, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Law Offices of Kimberly A. Eckert, Tempe
By Kimberly A. Eckert
*Counsel for Plaintiff/Appellant*

DiMaggio Law Office, PLLC, Scottsdale
By Kaitlin DiMaggio
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Daniel J. Kiley delivered the decision of the Court, in which Presiding
Judge Andrew M. Jacobs and Judge Veronika Fabian joined.

**K I L E Y**, Judge:

¶1        Kimberly Kay Fisher seeks review of the superior court's award of attorney fees to Angela Finch following the dismissal of an injunction against harassment that Fisher had obtained. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In April 2025, Fisher petitioned under A.R.S. § 12-1809 for an injunction against harassment against Finch, alleging that Finch had harassed her over a period of years by repeatedly posting defamatory statements about her on social media. The superior court granted the requested injunction (the "IAH") on an *ex parte* basis.

¶3        In July 2025, Finch retained counsel and requested a hearing to contest the IAH. The superior court set the hearing for August 6, 2025.

¶4        Finch appeared for the scheduled hearing along with counsel. Fisher did not appear, and so the court dismissed the IAH. Counsel for Finch then made an oral motion for an award of attorney fees and costs, which the court granted.

¶5        Finch's counsel subsequently filed an application for attorney fees of $5,355, supported by a *China Doll* affidavit[1] and billing records. Fisher filed a written response in which she objected that the fees requested were "unconscionable and unjustified" and that the "legal work submitted to the court was used to harass [her.]" On September 15, 2025, the superior court issued an order awarding Finch the full amount of fees requested.

¶6        Fisher filed a notice of appeal on October 16, 2025. In her notice, she stated that she "would like to appeal the entire judgment" but that she was "not sure" if she could "based on ruling and procedure." "At a minimum[,]" she stated, she was "appealing the ruling to grant attorney fees."

¶7        Arizona Rule of Civil Appellate Procedure ("ARCAP") 9(f) provides in part that the "superior court may on motion reopen the time for filing a notice of appeal[.]" Although Fisher's notice of appeal requested an "extension," she did not file a motion with the superior court under ARCAP 9(f) to reopen the time to file a notice of appeal.

---

[1] *See Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183 (App. 1983).

¶8　　　　　Finch moved to dismiss Fisher's appeal as untimely. We granted Finch's motion in part, holding that Fisher's appeal from the August 6, 2025, order dismissing the IAH was untimely because it was filed more than 30 days after that order was entered. *See* A.R.S. § 12-2101(A)(5)(b) (providing that order "[g]ranting or dissolving an injunction[,] or refusing to grant or dissolve an injunction" is immediately appealable); ARCAP 9(a) (providing that notice of appeal must generally be filed "no later than 30 days after entry of the judgment from which the appeal is taken"). We denied the motion to dismiss the appeal from the September 15, 2025, fee award, however, because that order had never been certified as a final judgment under Arizona Rule of Civil Procedure 54(c). *See Moreno v. Beltran*, 250 Ariz. 379, 383, ¶ 16 (App. 2020) (holding that "this court cannot review" a fee award until "entry of an order containing a certificate of finality" under applicable court rules). We stayed the appeal and re-vested jurisdiction in the superior court to certify the September 15, 2025, order as a final judgment. The superior court did so on January 29, 2026, and we lifted the stay.

¶9　　　　　We have jurisdiction to consider Fisher's appeal from the September 15, 2025, order awarding attorney fees as amended by the order of January 29, 2026. Ariz. Const. art. 6, § 9; A.R.S. §§ 12-120.21, -2101(A)(1).

## DISCUSSION

¶10　　　　Fisher challenges the award of attorney fees to Finch.

¶11　　　　Under A.R.S. § 12-1809(P), "[a]fter a hearing with notice to the affected party, the court may enter an order requiring any party to pay the costs of the action, including reasonable attorney fees[.]" When determining whether to award costs and fees, "the [court] may consider: (1) the merits of the claim or the defense asserted by the unsuccessful party; (2) whether the award will pose an extreme hardship on the unsuccessful party; and (3) whether the award may deter others from making valid claims." Arizona Rule of Protective Order Procedure ("ARPOP") 39(b).[2]

¶12　　　　Because an award of attorney fees under A.R.S. § 12-1809(P) and ARPOP 39 is not mandatory, we review the superior court's fee award for an abuse of discretion. *See Lehn v. Al-Thanayyan*, 246 Ariz. 277, 286, ¶ 29 (App. 2019) (reviewing award of fees under A.R.S. § 25–324(A), under which court "may" award fees, for abuse of discretion). "We will not

---

[2] The Arizona Rules of Protective Order Procedure apply to injunction against harassment proceedings. *See* ARPOP 1.

disturb the trial court's discretionary award of fees if there is any reasonable basis for it." *Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 265, ¶ 18 (App. 2004) (citation omitted).

¶13         Fisher argues, first, that the court erred in awarding fees because Section 12-1809(P) permits fees to be awarded only "after a hearing[.]" "No hearing actually occurred here[,]" she asserts, and so no fee award was authorized.

¶14         While it is true that fees may only be awarded after a hearing, A.R.S. § 12-1809(P), Fisher's contention that no hearing occurred here is incorrect. A hearing was held on August 6, 2025, at which Finch and her counsel were present. Fisher's failure to appear at the hearing does not establish that no hearing occurred. *See, e.g., Bob H. v. Ariz. Dep't of Econ. Sec.*, 225 Ariz. 279, 283, ¶ 19 (App. 2010) (affirming termination of parental rights when hearing was conducted in parents' absence because they failed to appear); *Smith v. Smith*, No. 1 CA-CV 25-0696 FC, 2026 WL 796940 at *2, ¶ 9 (Ariz. App. Mar. 23, 2026) (denying claim that party "was denied due process because the superior court conducted the order of protection hearing without him" after he failed to appear for the hearing on time).

¶15         ARPOP 38(f)(2) provides that "[i]f the defendant appears for the contested hearing and the plaintiff fails to appear, . . . the protective order will be dismissed." The hearing took place, and the court properly dismissed the IAH under ARPOP 38(f) due to Fisher's failure to appear. Fisher's contention that no hearing ever took place is simply untrue.

¶16         Fisher next argues that the superior court abused its discretion by awarding fees without "consider[ing] the factors in [ARPOP] 39[.]" Fisher cites nothing in the record, however, to support this assertion. She has not provided a transcript of the August 6, 2025, hearing at which the court granted Finch's oral motion for a fee award. Furnishing such a transcript was her responsibility. ARCAP 11(c)(1)(A) ("The appellant must order transcripts of superior court proceedings not already in the official record that the appellant deems necessary for proper consideration of the issues on appeal."). Without a transcript of the hearing, we must presume that the court complied with applicable rules when it granted the motion. *See Kohler v. Kohler*, 211 Ariz. 106, 108, ¶ 8, n.1 (App. 2005) ("In the absence of a transcript, an appellate court will presume that the record supports the trial court's rulings.").

¶17         Moreover, Fisher never raised this argument in the superior court in a motion to reconsider the August 6, 2025, order granting Finch's

4

motion for a fee award, in her objection to Finch's fee application, or in any other manner. By failing to raise this challenge in the superior court, Fisher has waived it on appeal. *See Kimicata v. McGee*, 230 Ariz. 6, 8, ¶ 11 (App. 2012) (rejecting challenge to fees awarded under ARPOP 39's predecessor because challenge was not raised in superior court); *see also Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994) ("Because a trial court and opposing counsel should be afforded the opportunity to correct any asserted defects before error may be raised on appeal, absent extraordinary circumstances, errors not raised in the trial court cannot be raised on appeal.").[3]

**¶18**      Fisher argues that allowing the fee award to stand here "is a very dangerous precedent to set as it will chill requesting an injunction when it is otherwise valid." We see no merit to this contention. Although ARPOP 39(b) allows the court to consider whether a fee award "may deter others from making valid claims[,]" that is only one of multiple factors relevant to a court's decision to award fees. Other relevant factors include the "merits" of the "unsuccessful party['s]" claim and "whether the award will impose an extreme hardship[.]" ARPOP 39(b). In the absence of a transcript of the August 6, 2025, hearing, we presume that the court considered all relevant factors in making its decision.

**¶19**      Finally, Fisher challenges the reasonableness of the fee award amount. She argues that the *China Doll* affidavit "reflect[s] an excessive amount of work" and that Finch's counsel billed an excessive hourly rate "for preparing for a simple hearing[.]" She specifically takes issue with the billing entry for "'reviewing and cataloging' social media posts for 1.5 hours[.]"

**¶20**      "Once a party establishes its entitlement to fees and meets the minimum requirements in its application and affidavit for fees, the burden shifts to the party opposing the fee award to demonstrate the impropriety or unreasonableness of the requested fees." *Nolan v. Starlight Pines Homeowners Ass'n*, 216 Ariz. 482, 491, ¶ 38 (App. 2007). "An opposing party does not meet that burden merely by asserting broad challenges to the application. It is not enough simply to state, for example, that the hours claimed are excessive and the rates submitted too high." *Id.* (citation modified).

**¶21**      Fisher's vague assertion that counsel's rate and the number of hours billed are "excessive" is insufficient as a matter of law to entitle Fisher

---

[3] Due to Fisher's waiver, we need not address her argument that consideration of the factors enumerated in ARPOP 39(b) is mandatory.

to relief. *Id.* at 490-91 (holding that general assertion that "counsel's billings are inflated and that much of counsel's work was unnecessary" was "insufficient as a matter of law" to establish that fees were unreasonable). Fisher's only specific challenge – to the purported excessiveness of the 1.5 hours that counsel billed for "reviewing and cataloging" social media posts – is meritless. Fisher's petition for the IAH alleged that she had "7 years of documentation" of Finch's purportedly defamatory postings. The exhibits she submitted to the court before the August 6, 2025, hearing included dozens of printed pages of social media posts. Fisher indicated that she intended to rely on even more posts at the hearing, stating that she has "too many [social media posts] to print them all." In view of the vast number of social media posts that Fisher cited as justification for the IAH, the superior court did not abuse its discretion in determining that 1.5 hours was a reasonable amount of time to spend reviewing them. *See Thompson v. Corry*, 231 Ariz. 161, 167, ¶¶ 23-24 (App. 2012) (rejecting argument that fee award was unreasonable due to "excessive time expended" by counsel because "[t]he [superior] court observed the proceedings and was in the best position to assess the reasonableness of the hours billed"). We reject Fisher's challenge to the reasonableness of the amount of the fee award.

## CONCLUSION

**¶22**        We affirm. Both Fisher and Finch request an award of attorney fees. In our discretion, we deny both requests. As the prevailing party, Finch is entitled to her costs on appeal upon compliance with ARCAP 21.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:            JR